## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONNALYNN D. BURGO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2430** |
| **DEVONTAE M. DAVIS, ET AL** | **SECTION "A"(3)** |

## ORDER AND REASONS

Before the Court are two motions in limine to exclude or limit expert testimony. First, plaintiff Donnalynn Burgo's "Motion to Exclude/Limit the Testimony of Dr. Charles E. Bain." Rec. Doc. 33.[1] Defendants Devontae M. Davis, Premier Telecommunications Services, LLC and Liberty Mutual Insurance Company (collectively "defendants") oppose Burgo's motion. Rec. Doc. 37. Second, defendants' "Motion in Limine Regarding the Exclusion or Limitation of Plaintiff's Expert Dr. David Barcyzk [sic]." Rec. Doc. 39. Burgo opposes defendants' motion. Rec. Doc. 40. For the reasons that follow, plaintiff's motion is DENIED and defendant's motion is GRANTED.

**I. Background**

Burgo alleges she was rear ended by Devontae M. Davis (who was operating a vehicle owned and insured by the other two defendants, respectively) on or about April 6, 2015. Rec. Doc. 1 at 2. The parties apparently dispute whether Burgo's alleged injuries to various areas of Burgo's spine were caused by the collision or instead caused by a degenerative condition. Defendants' proposed witness and exhibit list included Dr. Charles E. Bain ("Dr. Bain"),[2] who

---

[1] Burgo requested oral argument on her motion. Rec. Doc. 35. The Court notified the parties that it would issue a separate order granting oral argument should the Court decide to grant Burgo's request. Rec. Doc. 36. The Court has determined that oral argument is not necessary on either motion before the Court.

[2] The Court notes that defendants initially referred to Dr. Bain as "Ted Bain"; however, all subsequent filings consistently refer to Dr. Bain as "Charles E. Bain." *Compare* Rec. Doc. 9, *with* Rec. Doc. 33.

defendants assert is an "expert in impact biomechanics and accident reconstruction." *See* Rec. Doc. 9 at 3. In response, Burgo amended her proposed witness and exhibit list to include Dr. David J. Barczyk ("Dr. Barczyk") as an "expert in chiropractic care and crash biomechanics." *See* Rec. Doc. 30. The parties have each moved to strike the other's expert.

A. *Parties' Arguments Regarding Dr. Bain*

Burgo essentially puts forward three arguments in support of excluding Dr. Bain's testimony. *See* Rec. Doc. 33. First, Burgo argues that Dr. Bain lacks the qualifications and experience to render medical causation opinions about the injuries to Burgo's spine or general medical opinions about the possibility for traumatic injury to the spine during low-speed accidents. Rec. Doc. 33-1 at 3–6. Burgo argues that Dr. Bain has no specialization or certification in neurosurgery or orthopedics and his opinions conflict with all of Burgo's treating physicians. *See id.* Burgo further asserts that Dr. Bain has repeatedly been excluded as an expert witness on medical causation. *See id.*

Second, Burgo challenges the methodology Dr. Bain employed in forming his report. *See id.* at 7–19. Burgo raises a number of specific challenges. Burgo asserts that Dr. Bain improperly relied on photograph evidence of the accident and damage estimates rather than personally inspecting the vehicles involved in the accident. *See id.* Burgo further asserts that Dr. Bain failed to account for "brake dive" during the collision and also failed to account for the specific medical condition of Burgo at the time of the accident. *See id.* Burgo also asserts that Dr. Bain has made inconsistent statements and relies on improperly supported, unaccepted, or inapplicable scientific evidence and studies. *See id.*

Finally, Burgo argues that Dr. Bain's medical causation testimony would be cumulative to the testimony of another of defendants' experts, Dr. Tender, who apparently will opine that

Burgo's injuries are the result of a degenerative disc disease. *See id.* at 20; *see also* Rec. Doc. 33-11. Burgo argues both experts should not be allowed to testify. Rec. Doc. 33-1 at 20.

In opposition, defendants argue generally that Burgo's objections to Dr. Bain's testimony are better addressed during a cross-examination of Dr. Bain, rather than on a *Daubert* challenge. *See* Rec. Doc. 37 at 1. Defendants assert Dr. Bain is adequately qualified to testify regarding accident reconstruction and injury causation, pointing to Dr. Bain's education, accreditations, peer-reviewed publications, 13 years of experience conducting injury causation analyses, as well as his status as a clinical adjunct professor of injury causation analysis at the United States Air Force School of Aerospace Medine. *See id.* at 5. Defendants further assert that Dr. Bain can address each of Burgo's objections regarding Dr. Bain's methodology, citing to an affidavit by Dr. Bain addressing Burgo's challenges. *See id.* at 6 (citing Rec. Doc. 37-1 at 13–14). Finally, defendants argue that Dr. Bain's expert testimony is not cumulative of Dr. Tender's, who is a neurosurgeon and who will testify regarding his independent medical examination of Burgo. *See* Rec. Doc. 37 at 7. Defendants cite to a number of Louisiana state court and federal court cases in which Dr. Bain has been admitted as an expert on injury causation. *See id.* at 8–10.

B. *Parties' Arguments Regarding Dr.* Barczyk

Defendants seek to exclude Dr. Barczyk's testimony "as it relates to his determination of estimated vehicle speeds and potential delta-V's for the vehicles involved" in the accident. *See* Rec. Doc. 39. Defendants assert that Dr. Barczyk holds no certification or accreditation in accident reconstruction. *Id.* Furthermore, defendants assert that Dr. Barczyk "offers absolutely no basis" for his opinions as to speed and the delta-V of the vehicles. Rec. Doc. 39-1 at 3. Defendants argue that Dr. Barczyk should not be allowed to testify beyond his expertise as a chiropractor. *Id.*

3

In opposition, Burgo asserts that Dr. Barczyk is qualified to testify as to accident reconstruction and has adequately explained his methodology for forming his opinions regarding the speed and delta-V of the vehicles. Rec. Doc. 40. Burgo asserts that Dr. Barczyk has obtained substantial post-graduate training in "biomechanics and occupant kinematics pertaining to motor vehicle trauma." *See id.* at 3. Burgo points to seminars and live crash testing conferences that Dr. Barczyk has attended "relating collision trauma biomechanics to crash reconstruction." *See id.* Burgo points to a prior decision of this District Court accepting Dr. Barczyk's expert testimony. *See id.* As to methodology, Burgo contends that Dr. Barczyk properly "based the estimated speed upon the property damage to the bumpers of each vehicle" and his professional experience "examining vehicles in over fifty vehicle to vehicle crash tests." *See id.* at 4. Burgo cites to an affidavit of Dr. Barczyk in making the assertion that Dr. Barczyk did actually conduct his own calculations. *See id.* (citing Rec. Doc. 40-2). Burgo further contends that Dr. Barczyk's estimation of speed "is not an important consideration here." *See id.* Instead, speed is "just an estimate" related to the more important issue of medical causation. *See id.*

## III. Discussion

Louisiana Code of Evidence Article 702 tracks and follows Federal Rule of Evidence Rule 702's provisions on the admissibility of expert witness testimony. LA. CODE EVID. ANN. art. 702, Official Comment B; FED. R. EVID. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993); *U.S. v. Hitt*, 473 F.3d 146, 158 (5th Cir. 2006). Rule 702 provides in pertinent part:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of

reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. FED. R. EVID. 702

The Supreme Court's decision in *Daubert* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). In order for evidence to be admissible under *Daubert*, the evidence must be both reliable and relevant. *Daubert*, 509 U.S. at 589; *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). The district court serves as a gatekeeper in determining the admissibility of expert testimony. *U.S. v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003). The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts in issue." *Pipitone*, 288 F.3d at 244.

The proponent of the expert testimony has the burden of proving that the proffered testimony is admissible. *Fullwood*, 342 F.3d at 412. However, the proponent need not prove to the judge that the expert's testimony is correct. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). There exist several traditional and appropriate means for attacking "shaky but admissible evidence," including "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596. Furthermore, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Id.*

With specific regard to expert testimony regarding accident reconstruction, the Fifth Circuit has expressed its doubt that "there is any such thing as an accident reconstructionist as an expert field; under the rules and guidelines set forth by the Supreme Court in *Daubert*." *See*

*Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999). In *Wilson*, the Fifth Circuit affirmed a

district court's decision to exclude accident reconstruction expert testimony as to whether a

vehicle in question had exceeded the speed limit. *See id.* The Fifth Circuit noted that the district

court found the proposed expert lacked a degree or certification in the field, had never taught in

the field, had not "completed the requirements for certification by the Association of Accident

Reconstructionists, and had previously being excluded in a court proceeding. *See id.* The Fifth

Circuit in *Wilson* also noted that the district court ascertained that the proposed expert:

> 1) had never conducted any studies or experiments in the field of accident
> reconstruction; 2) did not take any measurements or collect any data from the
> accident scene in this case; 3) did not examine the tires or other mechanical parts
> involved in the accident; 4) based his calculations on publicly accessible data . . .;
> and 5) was unable to show that his training or experience as a mechanical
> engineer gave him expertise in the field of accident reconstruction that was
> distinguishable from training received by other mechanical engineers. *Id.*

Upon review of the reports, qualifications and stated methodologies of the purported

experts, and in light of applicable law, the Court finds it apparent that the testimony of both

experts is relevant to the issue of whether the accident caused Burgo's alleged injuries. The

closer call, however, is whether the proposed testimony of the respective experts is sufficiently

reliable to assist the jury in this case. The Court finds the purported expert testimony of Dr. Bain

on medical causation to be tenuous, but admissible subject to attack by cross-examination and

countervailing evidence. In contrast, the Court finds Dr. Barczyk's expert testimony regarding

the speed and force of the vehicles in the accident to be inadmissible, particularly in light of the

Fifth Circuit's decision in *Wilson*.

*A. Dr. Bain*

In the case of Dr. Bain, it is rather clear—even in light of *Wilson*—that Dr. Bain is an

expert in accident reconstruction. Unlike the expert in *Wilson*, Dr. Bain is registered with "The

Accreditation Commission for Traffic Accident Reconstruction" and has taught and published in the field. *See* Rec. Doc. 33-8 at 20–24. While Dr. Bain did not personally inspect the crash site and cannot satisfy each and every factor cited in *Wilson*, the Court is satisfied that Dr. Bain has clearly spelled out his qualifications and methodology in order for him to properly opine on the nature of the collision in this case.

More suspect, however, are Dr. Bain's opinions intertwining the nature of the collision with the issue of medical causation as to Burgo's alleged injuries. While Dr. Bain is a licensed physician and has past experience practicing emergency medicine, Dr. Bain's lack of specialized expertise raises some doubt as to whether he is qualified to opine on the relationship of the accident and Burgo's alleged spinal injuries. Other courts have split on the issue of Dr. Bain's qualifications to opine on medical causation. *Compare, e.g.*, *Lascola v. Schindler Elevator Corp.*, Civ. A. No. 08-4802 (E.D.La. Mar. 23, 2010) (Lemelle, J.) *and Breaud v. Werner Enter., Inc.*, Civ. A. No. 03-860 (M.D.La. Mar. 20, 2006)*, with White v. Great West Cas. Co.*, Civ. A. No. 08-1491 (W.D.La. Aug. 25, 2009). Looking to Dr. Bain's report in this case and his cited professional and teaching experience, medical training, and publications, the Court is satisfied that Dr. Bain's opinions reflect "knowledge, skill, experience, training, [and] education" applied to the facts of this case in a reliable enough manner to assist the jury. The fact Dr. Bain is not a neurologist, neurosurgeon, or orthopedic surgeon ultimately relates to his credibility, not the admissibility of his testimony. Burgo's challenges as to Dr. Bain's methodology and the studies he cites in forming his opinions go to the weight to be afforded Dr. Bain's testimony, a matter for the jury that Burgo may address during cross examination. As such, the Court concludes that Dr. Bain's expert opinions as to injury causation are admissible.

In addition to challenging Dr. Bain's testimony under Rule 702, Burgo further argues that Dr. Bain's testimony will be cumulative and substantially similar to the testimony of Dr. Tender. Based on a review of each doctor's report, the Court is not persuaded by Burgo's cumulativeness argument at this time. The report of Dr. Tender, a neurologist who independently evaluated Burgo, rather clearly regards Dr. Tender's opinion that Burgo's alleged injuries are the result of a degenerative condition unrelated to the accident in question. Dr. Bain's proposed testimony does not get to alternate causes of Burgo's alleged injuries, but rather is directed to defendants' contention that the accident did not cause the injuries. Upon objection by Burgo at trial, the Court may revisit the issue should it appear that the actual testimony of the two experts at trial has become unduly duplicative.

*B. Dr. Barczyk*

In contrast to Dr. Bain, the Court finds—and defendants do not apparently dispute—that Dr. Barczyk is qualified to testify as an expert as to medical causation and spinal injuries in low-speed collisions generally. Instead, the specific issue before the Court is whether Dr. Barczyk is qualified to render an opinion as to the estimated speed and force of the vehicles at the time of the accident, a matter of accident reconstruction. The Court agrees with defendants that he is not.

Dr. Barczyk satisfies almost none of the factors cited in *Wilson*. Unlike Dr. Bain, Dr. Barczyk is not clearly accredited in accident reconstruction, nor does it appear that he has ever published or taught in the field. Dr. Barczyk's report also contains almost no methodology or cited authority by which it could be possible to determine how he estimated the speed and force of the vehicles. The parties do not cite, nor could the Court locate any past court decisions regarding the admissibility Dr. Barczyk's opinions specifically as to accident reconstruction.[3]

---

[3] Plaintiffs are correct that this District Court has previously admitted Dr. Barczyk's testimony, *Fisher v. Mohave Trans.*, Civ. A. No. 14-679, (E.D.La. Apr. 29, 2015) (Lemmon, J.); however, a review of that case does not indicate

Dr. Barczyk's threadbare representations that his opinions as to speed and force are based on the documentary evidence in the case (apparently photographs and estimates as to bumper damage), cited post-graduate seminar attendance, and his experience "examining vehicles in over fifty vehicle to vehicle crash tests" simply are not enough for the Court to conclude his expert testimony on accident reconstruction is reliable. Rec. Doc. 39-3 at 11–13; Rec. Doc. 40-2 at 2. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion to Exclude/Limit the Testimony of Dr. Charles E. Bain" is **DENIED**. Rec. Doc. 33. By its own initiative or upon objection by plaintiff at trial, the Court may revisit the cumulativeness issue, as appropriate.

**IT IS FURTHER ORDERED** that, defendants' "Motion in Limine Regarding the Exclusion or Limitation of Plaintiff's Expert Dr. David Barczyk" is **GRANTED** in that Dr. Barczyk may not testify at trial as to his opinion about the estimated speed and force of the vehicles involved in the accident.. Rec. Doc. 39.

June 13, 2016

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

vehicle speed and force were at issue. Instead, the *Fisher* court admitted Dr. Barczyk's discussion of "differences between types of accidents," and how force is placed on occupants," while explicitly rejecting the argument that Dr. Barczyk's testimony could not be admissible, because Dr. Barczyk did "not quantify the forces experienced by Fisher in the accident." *Id.* at *3–6. The decision is *Fisher* is therefore distinguishable from the decision to be made on defendants' motion here, where the specific issue is whether Dr. Barczyk should be permitted to opine on the estimated speed and force of the vehicles..