UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONNALYNN D. BURGO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2430** |
| **DEVONTAE M. DAVIS, ET AL** | **SECTION "A"(3)** |

## ORDER AND REASONS

Before the Court is plaintiff Donnalynn Burgo's motion for reconsideration of the Court's previous order precluding proposed expert Dr. David Barczyk ("Dr. Barczyk") from testifying as to the estimated speed and force of the vehicles involved in the accident underlying the instant suit. Rec. Doc. 44. In the event the Court denies the motion for reconsideration, Burgo asks in the alternative that the Court permit Burgo to re-urge a motion for reconsideration following a pending deposition of Dr. Barczyk. *Id.* Burgo has moved for expedited consideration of the motion for reconsideration. Rec. Doc. 45. Upon review of the motion for reconsideration and given that trial is set to commence in less than two weeks, the Court finds it appropriate to rule on the motion in expedited fashion. For the following reasons, the Court **DENIES** Burgo's motion for reconsideration.

The Court has ruled that Dr. Barczyk—a chiropractor—is not sufficiently "qualified to render an opinion as to the estimated speed and force of the vehicles at the time of the accident, a matter of accident reconstruction." Rec. Doc. 42 at 8. Considering factors set forth in *Wilson v. Woods*, 163 F.3d 935 (5th Cir. 1999), the Court noted that Dr. Barczyk "is not clearly accredited in accident reconstruction, nor does it appear that he has ever published or taught in the field." *Id.* The Court noted that "Dr. Barczyk's report also contains almost no methodology or cited

1

authority by which it could be possible to determine how he estimated the speed and force of the vehicles." *Id.* In pertinent part, the Court reasoned:

> Dr. Barczyk's threadbare representations that his opinions as to speed and force are based on documentary evidence in the case (apparently photographs and estimates as to bumper damage), cited post-graduate seminar attendance, and his experience "examining vehicles in over fifty vehicle to vehicle crash tests" simply are not enough for the Court to conclude his expert testimony on accident reconstruction is reliable.

*Id.*

Burgo asserts that the issue on her motion to reconsider is whether Dr. Barczyk has the necessary "coursework/training/studies to render opinions in the field of accident reconstruction." Rec. Doc. 44-1. Burgo attaches a supplemental affidavit of Dr. Barczyk that provides further detail on his training and teaching in the field. Specifically, Dr. Barczyk states that he recently completed an "occupant kinematics" course in which a prerequisite for registration was completion of an "accident reconstruction course or its equivalent." Rec. Doc. 44-1 at 3. Furthermore, Dr. Barczyk states that he recently conducted his own "crash conference" that was co-sponsored by the Louisiana State Police. *Id.* Dr. Barczyk states that state troopers attending the conference obtained "continuing education in accident reconstruction." *Id.* Burgo asserts that while Dr. Barczyk may lack formal certification, his supplemental affidavit establishes that he has "equivalent training and teaching" experience when compared to anyone who is actually accredited in the field.

The Court is not persuaded that the supplemental detail regarding Dr. Barczyk's past training and teaching experience provides sufficient grounds to reconsider its past ruling on Dr. Barczyk's qualifications. Burgo has offered no argument as to the Court's conclusion that Dr. Barczyk's report fails to include sufficient methodology or cited

2

authority and makes only a threadbare representation that he considered documentary evidence in reaching his opinion on speed and force.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to expedite consideration of her motion for reconsideration is **GRANTED.** Rec. Doc. 45.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration is **DENIED**. Rec. Doc. 44.

New Orleans, Louisiana, this 12th day of July, 2016.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE