UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONNALYNN D. BURGO                                    CIVIL ACTION

VERSUS                                                NO. 15-2430

DEVONTAE M. DAVIS, ET AL                              SECTION "A"(3)

## ORDER

Before the Court is Plaintiff's motion for a new trial and/or judgment notwithstanding the jury verdict. Rec. Doc. 71. Defendants oppose the motion. Rec. Doc. 75.[1] Upon consideration of the record and the applicable law, Plaintiff's motion is DENIED.

Because this is a diversity jurisdiction case, Louisiana law on motions for judgment notwithstanding the verdict and motions for a new trial apply. *See Fair v. Allen*, 669 F. 3d 601, 604 (5th Cir. 2012); *Brown v. Walmart La., LLC*, 565 Fed. App'x 293, 295 (5th Cir. 2014). As such, the Court may only grant judgment notwithstanding the verdict if "the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict." *Scott v. Hosp. Serv. Dist. No. 1 of St. Charles Parish*, 86-C-0713 (La. 10/20/86); 496 So.2d 270, 273–74 (internal citations omitted); *see also Brown*, 565 Fed. App'x at 295. The Court is afforded greater discretion to grant a new trial; however, the Court may do so only if the jury's verdict "appears clearly contrary to the law and evidence" or "if there is good ground therefor." La. Code Civ. P. arts. 1972 & 1973; *Fair*, 669 F. 3d at 605. When considering a motion for a new trial, the Court may evaluate the

---

[1] The Court notes that Defendants filed their opposition after the deadline for opposition imposed by Local Rule 7.5. Plaintiff has not challenged the untimeliness of defendants' opposition and, for the reasons stated in this Order, the Court finds that Defendants' untimely opposition does not impact the underlying merits of Plaintiff's motion.

evidence, draw inferences, and question whether the jury afforded too much weight to an unreliable witness; however, must still accord the jury great deference. *Fair*, 669 F. 3d at 605.

Here, the Court finds Plaintiff's arguments in support of either judgment notwithstanding the verdict or a new trial unpersuasive. Even evaluating the evidence, drawing inferences, and assessing witness reliability under the less-demanding standard for granting a new trial, the Court finds that the jury reasonably concluded from the evidence presented at trial that Plaintiff was not injured as a result of the low-speed accident of April 6, 2015. Plaintiff presented the jury with evidence that Plaintiff could have been injured in the accident, but the Court rejects Plaintiff's assertion that this evidence was "overwhelming" in establishing that Plaintiff was actually injured in the accident. Defendants reasonably attacked the credibility of Plaintiff's claim in light of inconsistencies in her reports to medical providers following the accident. Defendants also called out to the jury Plaintiff's relatively unchanged self-reports of pain before and after the accident. Furthermore, Defendants presented the testimony of Doctor Tender, who explained to the jury how he evaluated MRIs of the affected area of Plaintiff's spine from before and after the accident and came to the conclusion that the MRIs show no significant change and instead only indicate that Plaintiff suffers from a degenerative disc disease that existed before and was not aggravated by the accident. This evidence could make a reasonable finder of fact doubt Plaintiff's claim that she was injured in the accident.

The Court observed the jury carefully and steadfastly examine all the evidence presented at trial. The Court granted Plaintiff's counsel substantial leeway to attack the credibility of defendants' expert witnesses on cross-examination. The Court, as requested by Plaintiff, also clearly instructed the jury about its obligation to afford greater weight to the testimony of Plaintiff's treating physicians. In light of all the evidence presented at trial, the Court does not

find it unreasonable to conclude that the jury afforded greater weight to the testimony of

Plaintiff's treating physicians, yet nonetheless concluded that Plaintiff did not meet her burden to

prove by a preponderance of the evidence that she was injured in the low-speed accident. As

such, the Court does not find it appropriate to upset the jury's verdict in this case.


Accordingly,

      **IT IS HEREBY ORDERED** that the Plaintiff's motion for judgment notwithstanding

the verdict or a new trial is **DENIED**. Rec. Doc. 71.


New Orleans, Louisiana, this ___22nd___ day of August, 2016.

                                 _____

                                 JAY C. ZAINEY

                                 UNITED STATES DISTRICT JUDGE